```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**UNITED STATES OF AMERICA,**

        Plaintiff

v.                                Civil Action No. 2:07-0299

**A.T. MASSEY COAL COMPANY and
ALEX ENERGY, INC. and
ARACOMA COAL COMPANY, INC. and
BANDMILL COAL CORPORATION and
BIG BEAR MINING COMPANY and
CLEAR FORK COAL COMPANY and
DELBARTON MINING COMPANY and
DUCHESS COAL COMPANY and
ELK RUN COAL COMPANY, INC. and
GREEN VALLEY COAL COMPANY and
INDEPENDENCE COAL COMPANY, INC. and
JACKS BRANCH COAL COMPANY and
LONG FORK COAL COMPANY and
MAJESTIC MINING, INC. and
MARFORK COAL COMPANY, INC. and
MARTIN COUNTY COAL CORPORATION and
MASSEY COAL SERVICES, INC. and
MASSEY ENERGY COMPANY and
NEW RIDGE MINING COMPANY and
OMAR MINING COMPANY and
PEERLESS EAGLE COAL CO. and
PERFORMANCE COAL COMPANY and
POWER MOUNTAIN COAL COMPANY and
RAWL SALES & PROCESSING, CO. and
ROAD FORK DEVELOPMENT COMPANY, INC. and
SIDNEY COAL COMPANY, INC. and
STIRRAT COAL COMPANY and
TRACE CREEK COAL COMPANY,**

        Defendants

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is defendants' motion to stay pending resolution of their motion to dismiss, filed September 4, 2007.

I.

This enforcement action seeks to hold certain parent companies and 26 subsidiaries liable under the Clean Water Act ("CWA") for illegal discharges.  The complaint covers 100 permits and a number of waters into which unlawful discharges allegedly occurred over more than six years.  Defendants moved to dismiss the action, contending, <u>inter</u> <u>alia</u>, the government (1) failed to allege the specific waters of the United States involved in each putative violation, and (2) lacks jurisdiction over certain non-discharging defendants.

Should defendants' motion to dismiss be denied, they assert as follows:

> Resolution of Massey's Motion will dictate the scope of discovery and any potential settlement in this case. For each of the 28 Defendant companies and each of the thousands of violations alleged in the complaint, the parties will need to conduct extensive discovery on liability that includes: (i) whether each of the alleged violations involved a discharge of "pollutant" and what permit limit was in place for that pollutant at the time of the alleged violation; (ii) what water bodies were implicated by each alleged violation; (iii) whether the Government has CWA jurisdiction over the relevant water bodies implicated in each alleged violation (<u>i.e.</u>, whether any receiving water body was a "navigable water" or whether there was a "significant nexus" to a "water of the United States," . . . ; and (iv) the connection, if any, of each of Non-Discharging Parties to each of the Subsidiaries' activities and alleged discharges. Each

> of these issues will be subject to different factual and legal arguments for summary judgment. In addition, different individuals at each of the 28 Defendant companies potentially may have knowledge about these alleged violations, and different scientific and technical information and jurisdictional determinations will need to be made to ascertain whether the water bodies potentially at issue indeed are "waters of the United States" or have a "significant nexus" to one.

(Defs.' Mot. to Stay at 3-4).

The government opposes the stay request, asserting (1) it has identified in the complaint the waters of the United States into which illegal discharges occurred, (2) a ruling on the motion to dismiss will not fundamentally alter the nature and scope of discovery, (3) defendants grossly exaggerate the complexity and burdensome nature of discovery inasmuch as the extensive violations alleged are supported from a liability standpoint based upon either self-reporting or documented violations by inspectors, and (4) the violations are ongoing, resulting in environmental harm to waters in West Virginia and Kentucky, and requiring the "'swift and direct'" remediation envisioned by Congress in the CWA.[1]

---

[1] The court notes the putative intervenors contend a stay is inappropriate for this same reason -- "For the proposed Intervenors, time is truly of the essence in securing relief from the harm caused by Defendants' ongoing illegal actions." (Interv.'s Resp. at 3). The intervenors' response alleges defendants' widespread and practically uncontested commission of thousands of CWA violations.

3

In reply, defendants contend (1) it is doubtful the court would permit a substantial amount of time to run in advance of ruling on the dispositive motion, (2) the government concedes very little discovery is necessary, meaning little harm will result from a stay, (3) ongoing illegal discharges are of little moment inasmuch as Massey has an effluent limit compliance rate of 99.7 percent, (4) defendants take their CWA obligations seriously, and (5) it is likely defendants' dispositive motion will be granted.

## II.

Federal Rule of Civil Procedure 26(c) provides pertinently as follows:

> Upon motion by a party . . . and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from . . . undue burden or expense, including one or more of the following: (1) that the . . . discovery not be had . . . . [or] (2) that the disclosure or discovery may be had only on specified terms and conditions . . . .

Fed. R. Civ. P. 26(c).

The Rule vests the court with discretion to stay discovery in advance of deciding a pending dispositive motion. See Thigpen v. United States, 800 F.2d 393, 396-97 (4th Cir. 1986) ("Nor did the court err by granting the government's motion

under Fed.R.Civ.P. 26(c) to stay discovery pending disposition of the 12(b)(1) motion. . . . Trial courts . . . are given wide discretion to control this discovery process . . . ."); <u>Landry v. Air Line Pilots Ass'n Intern. AFL-CIO</u>, 901 F.2d 404, 436 (5th Cir. 1990)("The protective order suspended activity until a decision could be made on the summary judgment motion. The trial court sought to resolve an issue that might preclude the need for the discovery altogether thus saving time and expense."); <u>Westminster Investing Corp. v. G. C. Murphy Co.</u>, 434 F.2d 521 (D.C. Cir. 1970); <u>Baron Financial Corp. v. Natanzon</u>, 240 F.R.D. 200, 202-03 (D. Md. 2006); <u>Tilley v. United States</u>, 270 F. Supp. 2d 731, 734 (M.D.N.C.2003); <u>Chavous v. District of Columbia Financial Resp. and Mgmt. Asst. Auth.</u>, 201 F.R.D. 1, 2 (D.D.C. 2001); <u>Simpson v. Specialty Retail Concepts, Inc.</u>, 121 F.R.D. 261, 263 (M.D.N.C. 1988); 2 Discovery Proceedings in Federal Court § 20:4 (3d ed. 2007) (citations omitted).

As noted by one court, "such a procedure is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." <u>Coastal States Gas Corp. v. Department of Energy</u>, 84 F.R.D. 278, 282 (D.C. Del. 1979). The decision concerning a stay request is guided by a number of factors as follows:

> In considering whether a stay of all discovery pending the outcome of a dispositive motion is warranted, a case-by-case analysis is required, since such an inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case. To assist in this determination, the Court is guided by the following factors, none of which is singly dispositive: the type of motion and whether it is a challenge as a "matter of law" or to the "sufficiency" of the allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been interposed; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances.

<u>Hachette Distribution, Inc. v. Hudson County News Co., Inc.</u>, 136 F.R.D. 356, 358 (E.D.N.Y. 1991); <u>see also</u> 10A Federal Procedure § 26:335 (2007).

Regarding the type of motion, dismissal is sought primarily upon the basis that the government's allegations are insufficient. Assuming such an omission, the allegations might be supplemented by amendment. Regarding the remaining factors, (1) the action appears to be one of some complexity, (2) no counterclaims or cross-claims pend, (3) each of the 29 named defendants seek the stay, (4) this action is in its infancy from a procedural standpoint, (5) one would expect at least some discovery may be necessary as the case develops, and (6) although minimizing the factual investigation necessary in the case, the

government nevertheless concedes the "violations are extensive and there are numerous defendants . . . ." (Govt.'s Resp. at 4).

Beyond these factors, the court also accords at least some weight to the disputed contention regarding defendants' ongoing CWA violations.

An analysis of these factors suggests the balance of harms weighs in favor of denying a stay. Any existing pleading defects would be subject to correction. Also, the more burdensome discovery that might be necessary in the case could be, in consultation with the magistrate judge at the scheduling conference, delayed pending a ruling on the dispositive motion. Additionally, it is the court's expectation that the dispositive motion will be given the priority suggested by the Local Rules. Balanced along with these considerations are potential ongoing CWA violations. Absent those continuing transgressions, however, all parties have an interest in a timely and final judgment, a concern best addressed by moving the case forward with as much dispatch as is reasonably possible under the circumstances.[2]

---

[2] The stay request further seeks a ruling deferring "all current and potential motions to intervene . . . ." (Defs.' Mot. at 1). It is the court's expectation that the intervention and dismissal motions will be resolved simultaneously, if at all possible.

(continued...)

Based upon the foregoing, the court, accordingly, ORDERS as follows:

1. That defendants' motion to stay be, and it hereby is, denied; and

2. That counsel shall proceed to formulate an appropriate case management plan as further directed by the forthcoming order and notice.

The Clerk is requested to transmit this written opinion and order to all counsel of record and to any unrepresented parties.

DATED: October 18, 2007

John T. Copenhaver, Jr.
United States District Judge

---

²(...continued)
Defendants also request oral argument on the motion to stay. The court concludes the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

8